UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN MARSHALL MANTEL,<br>　　　Plaintiff<br><br>V.<br><br>INTERNET ROI, INC.<br>　　　Defendant | Docket No: 19-10092 |

## **LOCAL RULE 16.1(D) JOINT STATEMENT**

　　Plaintiff John Marshall Mantel ("Plaintiff," or "Mantel") and Defendant Internet ROI, Inc. ("Defendant," or the "Internet ROI") jointly submit this statement pursuant to Local Rule 16.1(D) and the Court's Notice of Scheduling Conference dated March 27, 2019, in anticipation of the Status Conference scheduled for 2:30 PM on April 23, 2019.

**Proposed Scheduling Conference Agenda**:

The parties propose the following pretrial schedule:

1. Initial Disclosures- April 26, 2019
2. First Requests for Production of Documents- May 10, 2019
3. Interrogatories- May 10, 2019
4. Depositions- August 30, 2019
5. End of Fact Discovery- August 30, 2019
6. Dispositive Motion- September 27, 2019
    a. Oppositions- October 18, 2019
    b. Reply- November 1, 2019
7. Expert Discovery- 30 days after any dispositive motions are decided.

The parties consent to the exchange of discovery via e-mail.

**Issue of Consent to Trial by Magistrate Judge**
The parties do not consent to a trial by Magistrate Judge.

### **Plaintiff's Perspective**

　　Mantel is a professional photographer in the business of licensing his photographs for a fee. Mantel captured Yuri Sun who cancelled her wedding and instead threw a party for children. Mantel's photograph was properly and timely registered with the United States Copyright Office.

Internet ROI ran the photograph on Internet ROI's Website. Mantel did not license, give permission nor consent to publication of the photograph by the Internet ROI.

Mantel asserts that the Internet ROI's infringement was willful, intentional, purposeful, and in disregard or indifference to Mantel's rights in the photograph. Mantel does not believe there will be an issue with proving liability, this issue turns to damages which Mantel will need to take discovery on.

The copyright infringement claim for willful infringement carries a statutory damages award of up to $150,000 as well as attorneys' fees and costs. To set the amount of the statutory damage award, courts generally look to the following factors under the Copyright Act: (1) "the expenses saved and the profits reaped," (2) "the revenues lost by the plaintiff," (3) "the value of the copyright," (4) "the deterrent effect on others besides the defendant," (5) "whether the defendant's conduct was innocent or willful," (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced," and (7) "the potential for discouraging the defendant." *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.,* 807 F.2d 1110, 1117 (2d Cir.1986); *accord Manno v. Tennessee Production Center,* 657 F.Supp.2d 425, (S.D.N.Y. 2009); *accord Jordan Mozer and Associates, Ltd. v. Starck*, 2014 WL 1327960, at *2 (S.D.N.Y. Apr. 3, 2014); accord *Psihoyos v. John Wiley & Sons, Inc.*, 2012 WL 5506121, at *3 (S.D.N.Y. Nov. 7, 2012); accord *Nature's Enterprises, Inc. v. Pearson*, 2010 WL 447377, at *6 (S.D.N.Y Feb. 9, 2010).

**Defendant's Perspective**

Defendant Internet ROI, Inc. ("IROI") is a Massachusetts corporation and the owner of www.AWM.com. For the reasons stated below, IROI denies that it wrongfully copied and misappropriated for commercial purposes the image in question (the "Image") and IROI denies that it removed copyright management information ("CMI") from the Image.

IROI denies that its use of the Image was an infringement of Plaintiff Mr. Mantel's ("Mantel") copyright. IROI used the Image in the context of offering commentary on the compelling story of the woman who is the subject of the Image. This constitutes a fair use of the Image on the part of IROI, as such usage is transformative, in that IROI incorporated the Image into a new video package and written article to comment on Yuri Sun's story. This significant transformative use of the Image by IROI offsets any commercial use. See Campbell v. Acuff-Rose Music, Inc., 510 U.S. 579 (1994) (quoting Folsom v. Marsh, 9 F.Cas. 342, 348 (C.C.D. Mass. 1841)("the more transformative the new work, the less will be the significance of other factors, like commercialism, that may weigh against a finding of fair use." Therefore, IROI is not liable to Mantel for any amount of damages.

Regardless, IROI is confident that Mantel would be unable to prove damages. It is the plaintiff's burden to prove damages when infringement is found, and "defendants [are] not required to produce any evidence showing a lack of damages." Bell v. Taylor, 827 F.3d 699, 710 (7th Cir., 2016). Mantel has offered no evidence of his ownership of the Image, his licensing fee for the Image or of damages suffered by him. Furthermore, IROI removed the article containing the Image from its website as late as June 1, 2018, but likely earlier. IROI earns compensation on

its articles per page view. The article containing the Image only generated $97.13 in total revenue for IROI before it was removed from the website.

Mantel's allegation of willful infringement is unfounded as it is not clear that IROI took a copy of the Image from the NY Post article referred to in the Complaint. An IROI employee may just as likely have taken a copy of the Image from one of several uncredited sources of the Image available online. IROI denies that it removed copyright management information ("CMI") from the Image, because it is unclear that IROI copied the Image from the NY Post article, and furthermore, because the First Circuit has not recognized a so-called "gutter credit" as CMI.

Respectfully Submitted,

/s/Robert Terry Parker
Robert Terry Parker
Richard Liebowitz
Rath Young and Pignatelli, PA
Liebowitz Law Firm, PLLC
One Capital Plaza
Concord, NH 03302
Tele: 603-226-2600

*Attorneys for Plaintiff*

/s/Robert F. Lynch, Jr.
Jenifer M. Pinkham, Esquire (BBO #658031)
Robert F. Lynch, Jr., Esquire (BBO #696362)
PHIFER PINKHAM, LLC
1900 Crown Colony Drive, Suite 309
Quincy, MA 02169
617-409-7409
617-479-1199
jpinkham@pandpllc.com
rlynch@pandpllc.com

*Attorneys for Defendant*

Dated: April 16, 2019.

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 16, 2019.

      /s/ Robert F. Lynch Jr.
      Robert F. Lynch Jr.